# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### NORTHERN DIVISION

TERRENCE WILLIAMS,                 :
1008 Beards Hill Road             :
Aberdeen, Maryland 21001      :
                                      :

        Plaintiff,                    :
                                      :

v.                                      :
                                      :

AMERICAN ARBITRATION       :
ASSOCIATION, INC.            :
120 Broadway,  Floor 21        :
New York, NY 10271          :
**S/O:** CSC-Lawyers Incorporating Service   :
Company                     :
7 St. Paul Street Suite 820      :
Baltimore, MD 21202         :
                                      :

MARINA CORTES,           :
Individually and in her official capacity   :
**American Arbitration Association**    :
45 E River Park Place West, Suite 308   :
Fresno, CA 93720             :
                                      :

YU MOHANDESI, LLP         :
633 West Fifth Street, Suite 2800     :
Los Angeles, CA 90071        :
                                      :

PAVEL EKMEKCHYAN, ESQ.,    :
Individually and in his official capacity   :
633 West Fifth Street, Suite 2800     :
Los Angeles, CA 90071        :
                                      :

        Defendants.               :

CIVIL ACTION NO. ABA 25 CV 2505

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED
JUL 3 1 2025
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

1

## COMPLAINT

Plaintiff **Terrence Williams**, pro se, respectfully files this Complaint against the above-named Defendants and alleges as follows:

## INTRODUCTION

1. This is a civil action for abuse of process, tortious interference with judicial proceedings, civil conspiracy, and violations of Plaintiff's right to due process under the Fourteenth Amendment.

2. Despite a clear and final ruling by the **Harford County Circuit Court remanding Plaintiff's case back to District Court,** Defendants conspired to **reopen and relaunch arbitration proceedings** which had been lawfully closed.

3. The **American Arbitration Association (AAA),** through its case manager **Marina Cortes,** and under the active participation of **attorney Pavel Ekmekchyan** and his law firm **Yu Mohandesi, LLP,** acted with actual knowledge that jurisdiction was with the Maryland courts—not AAA.

4. Their actions were intentional, egregious, and done with disregard for Plaintiff's rights and the authority of Maryland's judicial system. Plaintiff seeks declaratory, injunctive, and compensatory relief.

## JURISDICTION AND VENUE

5. This Court has **federal question jurisdiction** under 28 U.S.C. § 1331 as this case arises under the **Fourteenth Amendment** and the **Federal Arbitration Act,** 9 U.S.C. § 1 et seq.

6. This Court has **diversity jurisdiction** under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff (a Maryland resident) and Defendants (located in New York and California).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in Maryland.

2

## PARTIES

8. **Plaintiff Terrence Williams** is an adult resident of Aberdeen, Maryland.

9. **Defendant American Arbitration Association, Inc.** is a national arbitration provider headquartered in New York.

10. **Defendant Marina Cortes** is AAA's Manager of ADR Services and was personally responsible for administering the arbitration at issue.

11. **Defendant Pavel Ekmekchyan,** Esq. is an attorney at Yu Mohandesi, LLP and actively participated in communications and submissions to AAA post-remand.

12. **Defendant Yu Mohandesi, LLP** is a California-based law firm and the employer of Pavel Ekmekchyan.

## FACTUAL BACKGROUND

13. On August 27, 2024, the Harford County District Court **granted Verizon's motion to compel arbitration.** Ex A

14. Plaintiff appealed, and on December 19, 2024, the **Harford County Circuit Court reversed the arbitration order,** remanding the matter back to District Court as a **small claims action.** Ex B

15. On January 10, 2025, the District Court **lifted the arbitration stay and set trial.** Ex. C

16. The AAA then **closed the arbitration case,** as reflected in their internal records and correspondence. Ex D

17. However, in or around July 2025, AAA **reopened the case,** appointed an arbitrator (Elizabeth Rainbow Willard), and began scheduling proceedings—all without court authorization. Ex E

18. **Marina Cortes** issued formal notices, including arbitrator appointment letters and compensation arrangements, despite full knowledge of the judicial remand order.

19. **Pavel Ekmekchyan** actively participated in these actions, despite receiving copies of the Circuit Court order, and without informing the arbitrator or AAA of the jurisdictional defect.

3

20. Plaintiff objected in writing, but Defendants continued to press forward, forcing Plaintiff to expend additional time and resources to defend against improper arbitration.

## CLAIMS FOR RELIEF

### Count I – Abuse of Process (All Defendants)

21. Defendants used the arbitration system for a purpose **not legally justified**, namely to override a valid court ruling.
22. This constitutes abuse of process and caused Plaintiff financial harm, emotional distress, and delay in obtaining justice.

### Count II – Tortious Interference with Judicial Proceedings (All Defendants)

23. Defendants knew that the matter had been remanded to District Court and still took actions to undermine those proceedings.
24. Their interference caused harm to Plaintiff and disrupted a lawfully scheduled trial.

### Count III – Civil Conspiracy

25. Defendants acted in concert to achieve an unlawful goal: resuming arbitration despite a court order ending it.
26. They shared communications, failed to disclose jurisdictional issues, and coordinated an improper legal action against Plaintiff.

### Count IV – Violation of Due Process (Marina Cortes, AAA, Pavel Ekmekchyan)

27. Defendants deprived Plaintiff of liberty and property interests by continuing legal proceedings without legal authority or court oversight.
28. Such actions, under color of private authority but affecting a public right (access to courts), constitute a due process violation under the Fourteenth Amendment.

4

**Count V – Declaratory and Injunctive Relief**

29. Plaintiff seeks a declaration that AAA lacks jurisdiction to proceed with arbitration in this matter.

30. Plaintiff further seeks a permanent injunction prohibiting AAA, Cortes, Ekmekchyan, or Yu Mohandesi from pursuing, administering, or enforcing arbitration in this case.

**DAMAGES REQUESTED**

Plaintiff seeks:

a. **Compensatory damages** in an amount exceeding $75,000

b. **Punitive damages** for willful and malicious conduct

c. **Injunctive relief** prohibiting AAA from administering arbitration in this dispute

d. **Declaratory judgment** affirming the state court remand is binding

e. **Costs and fees** under applicable law

f. **Any other relief** the Court deems proper

**JURY DEMAND**

Plaintiff demands a **trial by jury** on all issues so triable.

**Respectfully submitted,**

Pro Se, Plaintiff
1008 Beards Hill Rd
Aberdeen, MD 21001
Livinmalife1983@yahoo.com
443-206-5062

Dated: July 29, 2025