**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| TERRENCE WILLIAMS, <br><br><br> Plaintiff, <br><br> v. <br><br><br> AMERICAN ARBITRATION ASSOCIATION, INC., ET AL. <br><br><br><br> Defendants. | <br><br><br><br><br> Case No.: 1:25-cv-02505-ABA |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**
**AND MEMORANDUM OF LAW IN SUPPORT**

Defendants Yu Mohandesi LLP and Pavel Ekmekchyan (collectively, "Defendants"), by their undersigned counsel, hereby move to dismiss the Complaint filed by Plaintiff Terrence Williams ("Plaintiff"). This Motion is made on the grounds that the Complaint fails to state a claim upon which relief can be granted and fails to state a short and plain statement of any claim showing Plaintiff is entitled to relief. Fed. R. Civ. P. 12(b)(6), 8(a)(2). This Motion is based upon the Motion, the accompanying Memorandum of Law, Request for Judicial Notice, the pleadings and papers on file in this action, and upon any other matter the Court deems proper.

**WHEREFORE**, Defendants pray that this Court dismiss this action as against these Defendants with prejudice.

DATED: September 2, 2025

*/s/ Thomas V. McCarron*
Thomas V. McCarron (Federal Bar No. 08145)
Semmes, Bowen & Semmes
250 W. Pratt Street, 19th Floor
Baltimore, MD 21201
Tel.:(410) 576-4854
Fax: (410) 539-5223
tmccarron@semmes.com
*Attorneys for Defendants Yu Mohandesi LLP and Pavel Ekmekchyan*

## MEMORANDUM OF LAW

### I.    INTRODUCTION

This lawsuit is nothing more than Plaintiff Terrence Williams's ("Plaintiff") latest effort to try to weaponize the courts and harass opposing counsel after failing to obtain his desired outcomes in other proceedings.  Frustrated by the fact that non-party Cello Partnership d/b/a Verizon Wireless ("Verizon Wireless") has chosen to pursue arbitration of Plaintiff's claims against Verizon Wireless across multiple lawsuits, Plaintiff has now taken the extraordinary step of suing Verizon Wireless's attorneys in the arbitration—Defendants Yu Mohandesi LLP and Pavel Ekmekchyan—along with the American Arbitration Association ("AAA") and the AAA case manager, simply for carrying out their professional duties.

The irony of Plaintiff's frivolous Complaint is glaring.  While he accuses Defendants of an "abuse of process", it is Plaintiff who is abusing the judicial process by recycling baseless allegations across numerous forums and dragging Defendants into this lawsuit for no other reason than their involvement as counsel with an arbitration he dislikes.  All of Plaintiff's claims

are improper for the same fundamental reason—all conduct alleged has been in connection with the arbitration proceedings and, thus, is absolutely privileged as a matter of law.  Plaintiff's repetitive and harassing filings not only waste judicial and party resources, but also reveal his true purpose—to try to punish and deter Defendants from representing their client and to transform ordinary advocacy into manufactured liability.

However, the law is clear that the absolute litigation privilege forecloses any liability for Plaintiff's claims.  Because the Complaint is premised solely on Defendants' privileged conduct as counsel in the arbitration and the allegations underlying Plaintiff's claims are both factually and legally wrong, the Complaint fails and must be dismissed with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**A.    Plaintiff Files A State Court Lawsuit Against Verizon In 2024 And Is Compelled To Arbitration**

In May 2024, Plaintiff filed a lawsuit against Defendants' client, Verizon Wireless, in Harford County District Court in connection with a dispute over a replacement cellular phone and watch ("State Court Action").  *See* Request for Judicial Notice ("RJN"), Ex. A [State Court Action Complaint, pp. 1-2].  In August 2024, Defendant filed a motion to compel arbitration in the State Court Action pursuant to an arbitration agreement between the Parties, which the Court granted on August 27, 2024 ("Arbitration Order").  *Id.* at Ex. B [Arbitration Order].

Among other things, the arbitration agreement stated:

> **HOW DO I RESOLVE DISPUTES WITH VERIZON?** . . . **YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT AS DISCUSSED BELOW. YOU UNDERSTAND THAT BY**

> **THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO**
>
> **BRING A CLAIM IN COURT OR IN FRONT OF A JURY…**
>
> IF THE CLAIMS IN ANY REQUEST OR DEMAND FOR
> ARBITRATION COULD HAVE BEEN BROUGHT IN SMALL
> CLAIMS COURT, THEN EITHER YOU OR VERIZON MAY
> CHOOSE TO HAVE THE CLAIMS HEARD IN SMALL CLAIMS
> COURT, RATHER THAN IN ARBITRATION, AT ANY TIME
> BEFORE THE ARBITRATOR IS APPOINTED…

*Id.* at Ex. C [Verizon Wireless's Declaration in Support of Motion to Compel in the Federal Action ("Verizon Decl."), Ex. D, p. 6] (bold and capitalized typeface and shading in original). On August 30, 2024, Plaintiff filed a Demand for Arbitration with the American Arbitration Association ("AAA"), seeking damages of $5,000 ("Arbitration"). *See* Dkt. 1-4 [Compl., Ex. D, p. 2] (attaching the Arbitration docket showing the AAA received Plaintiff's claim on 8/30/24).

**B.      Plaintiff Appeals The Arbitration Order And The Circuit Court Reverses Based On The Small Claims Carveout In The Arbitration Agreement**

After commencing arbitration with the AAA, Plaintiff appealed the Arbitration Order to the Circuit Court for Harford County. *See* RJN, Ex. D [Docket]. On December 19, 2024, the Circuit Court held a hearing on Plaintiff's appeal. *Id.* Although the Circuit Court rejected Plaintiff's arguments challenging the enforceability of the arbitration agreement, it nevertheless reversed the Arbitration Order based on Plaintiff's representation that his claimed damages did not exceed $5,000, which brought his claim within the jurisdictional limit of small claims court pursuant to the arbitration agreement. *See id.*, Ex. E [Remand Order] (stating, among other things: "this case shall proceed before the District Court as a small claims action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 4-405 and that the Plaintiff/Appellant's claim shall not exceed the jurisdictional limits of a small claims action.").

Consistent with the Circuit Court's ruling, on January 10, 2025, the district court in the State Court Action lifted the stay pending arbitration and ordered that the matter proceed to trial as a small claims case. *Id.* at Ex. F [State Court Order] ("In accordance with the Order of the Circuit Court for Harford County….ordering that this case shall proceed before the District Court as a small claims action, it is this 10ᵗʰ day of January 2025, hereby: ORDERED that the stay of proceedings pending arbitration be lifted; and … the case be scheduled for trial).

However, Plaintiff quickly sought to defy the $5,000 small claims damages limitation in the State Court Action after the remand. On January 23, 2025, Plaintiff filed an Amended Complaint in the State Court Action seeking damages well in excess of the small claims limit, including "compensatory damages in the amount of $8,540.00, including reimbursement for insurance premiums paid, replacement costs for stolen or damaged devices, and other related expenses …consequential and punitive damages", among other things. *Id.* at Ex. G.

Shortly thereafter, however, Plaintiff voluntarily chose to dismiss the State Court Action without prejudice on January 27, 2025. *Id.* at Ex. H (further stating: "This dismissal does not waive Plaintiff's right to refile claims against Verizon Wireless or pursue remedies under applicable law in the future.").

**C.      Plaintiff Continued Prosecuting The Arbitration After Dismissing The State Court Action, And Filed A Separate Federal Action While The Arbitration Was Pending**

After dismissing the State Court Action, Plaintiff nonetheless continued to submit to the jurisdiction of the AAA. For example on February 22, 2025, Plaintiff filed an Amended Claim in the Arbitration. *See id.* at Ex. I [AAA Docket, p. 2].

On April 9, 2025, while the Arbitration remained pending, Plaintiff filed yet another federal court lawsuit in the District of Maryland, captioned *Terrence Williams vs. Verizon Wireless*, Case

No. 1:25-cv-01190-BAH ("Federal Action"), raising the same exact allegations at issue in the State

Court Action and Arbitration—i.e., alleging that Verizon Wireless provided Plaintiff with defective

replacement devices ("Federal Action"). *Id.* at Ex. J [Federal Action Compl. ¶ 10]. This case is

currently pending before Judge Brendan Hurson. *See id.* at Ex. K [Federal Action Docket].

Unhappy with the small claims limitation from the Circuit Court's remand order and in express

defiance of that order, the Federal Action Complaint demands in excess of $175,000 from Verizon

Wireless. *Id.* at Ex. J [Federal Action Compl., p. 4].

On July 16, 2025, Verizon Wireless filed a Motion to Dismiss or, Alternatively, Motion to

Compel Arbitration in the Federal Action—once again based on the parties' operative arbitration

agreement ("Motion to Compel").[1]  *Id.* at Ex. K [Federal Action Docket]. In response, Plaintiff

filed a Motion to Strike Verizon Wireless's declaration in support of the Motion to Compel and

also filed a Motion for Temporary Restraining Order/Preliminary Injunction ("TRO/PI Motion") to

enjoin the Arbitration. *See id.* [Federal Action Docket, Nos. 9, 11]. On August 8, 2025, however,

Judge Hurson denied Plaintiff's motions, in relevant part stating:

> [Plaintiff] has not demonstrated a likelihood of success on the merits.
> The TRO/PI motions state in conclusory terms that "[t]here is no valid
> arbitration agreement," ECF 11, at 2, and that "Maryland state courts
> have already adjudicated the arbitrability of Plaintiff's claims and
> expressly rejected it," ECF 14-1, at 2. However, Verizon's response
> establishes that the question of whether Plaintiff can be compelled to
> participate in arbitration is, at best, unsettled. *See* ECF 15, at 9
> ("Moreover, it is undisputed that Plaintiff entered into a binding
> agreement to arbitrate with Verizon [] in 2023.").

*Id.* [Order, p. 3].

---

[1] The District Court in the Federal Action has not yet issued a decision on the Motion to Compel. *See generally* Dkt. K [Federal Action Docket].

Separately, in the Arbitration, the AAA has kept the proceedings open and recently appointed an arbitrator to evaluate Plaintiff's request to close the Arbitration.  *See* Dkt. 7-7 (letter from the AAA scheduling preliminary hearing).

**D.    Plaintiff Files This Lawsuit Against Verizon Wireless's Counsel In The Arbitration, The AAA, And The AAA Case Manager**

Unable to obtain his desired goal of preventing the Arbitration from going forward, Plaintiff has egregiously chosen to burden the courts with the current frivolous lawsuit.  Dkt. 1 [Compl.].  Now, Plaintiff has sued Defendants in their capacity as Verizon Wireless's counsel in the Arbitration, and has even sued the AAA and the AAA case manager, Marina Cortes.  *See id.* As the Complaint demonstrates, Plaintiff has done so not for any wrongdoing, but solely based on their participation in the Arbitration, alleging baseless claims for abuse of process, "tortious interference with judicial process", civil conspiracy, "violation of due process", and declaratory and injunctive relief.  *See* Dkt. 1 [Compl.].  The operative complaint seeks damages in excess of $75,000 against Defendants for their mere involvement in the Arbitration.  *Id.* [Compl., p. 5].

Further, undeterred by Judge Hurson's denial of his TRO/PI Motion in the Federal Action, Plaintiff surreptitiously attempted to take a second bite at the apple before this Court by filing yet another "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" seeking to halt the Arbitration.  Dkt. 7.  Seeing through his baseless arguments, however, the Court recently denied Plaintiff's motion on August 22, 2025.  Dkt. 10 [Order].

At bottom, the irony of Plaintiff's malicious efforts and this lawsuit could not be clearer. While he accuses Defendants of an "abuse of process", it is Plaintiff who is misusing the judicial process by dragging Defendants into this lawsuit in a transparent attempt to obstruct Verizon Wireless's efforts to litigate Plaintiff's claims in arbitration.  As this motion will demonstrate,

however, Plaintiff's obstructionist tactics are not only improper and a waste of judicial and party

resources, but also barred as a matter of law based on the absolute litigation privilege.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it

fails to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).  The "purpose

of Rule 12(b)(6) is to test the sufficiency of a complaint".  *Hodge v. Giant of Maryland LLC*, No.

PWG-21-554, 2022 WL 4080317, at *2 (D. Md. Sept. 6, 2022) (citing *Presley v. City Of*

*Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  A Rule 12(b)(6) motion should be granted

when plaintiffs present no plausible facts entitling them to relief.  *Bell Atlantic v. Twombly*

*("Twombly")*, 550 U.S. 544, 553 (2007).  Further, a complaint must contain "a short and plain

statement of the claim showing the pleader is entitled to relief."  *Acevedo v. McCalla*, No. CV

MJM-22-1157, 2023 WL 1070436, at *2 (D. Md. Jan. 27, 2023) (citing Fed. R. Civ. P. 8(a)(2)).

This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests."  *Id.* (citing *Twombly*, 550 U.S. at 555 (2007)).  "[A] plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S.

at 555.  A "plaintiff may not . . . rely on naked assertions or legal conclusions."  *Ezinne v.*

*Maryland State Dep't of Pub. Safety & Corr. Servs.*, No. CV JKB-18-2201, 2019 WL 2162873,

at *1 (D. Md. May 17, 2019) (citing *Twombly*, 550 U.S. at 556–57).

### IV.    LEGAL ARGUMENT

**A.    The Complaint Is Barred By The Absolute Litigation Privilege**

Plaintiff's claims are barred because Defendants' conduct and communications in

connection with the Arbitration are entitled to an absolute privilege.  "Under Maryland law,

attorneys are entitled to an absolute privilege, sometimes referred to as the 'litigation privilege,' for statements made in judicial proceedings that 'have some rational relation to the matter at bar.'" *Ghatt v. Seiler*, No. CV TDC-16-3445, 2017 WL 3088373, at *3 (D. Md. July 20, 2017) (citing *O'Brien & Gere En'rs v. City of Salisbury,* 135 A.3d 473, 483-84 (Md. 2016)); *see also Odyniec v. Schneider*, 322 Md. 520, 526 (1991) ("[s]tatements made during the course of judicial proceedings . . . are absolutely privileged"). "This privilege operates in favor of the judge, as well as the witnesses, counsel, and parties to the litigation." *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 404 (1985).

Notably, absolute immunity applies not only to judicial proceedings, but also in quasi-judicial proceedings and even statements that are "extrinsic to a judicial or quasi-judicial proceeding." *Johnson v. PNC Bank, N.A.*, No. CV ELH-19-3136, 2020 WL 1491355, at *9 (D. Md. Mar. 27, 2020) (explaining that extrinsic matters include statements made that are "connected contextually to a pending or ongoing proceeding."). This includes arbitration proceedings as well. *See, e.g.*, *Odyniec v. Schneider*, 322 Md. 520, 534  (1991) (extending application of absolute privilege to Health Claim Arbitration Office arbitration proceedings); *Seawright v. M. Shanken Commc'ns, Inc.*, No. CIV. JKB-14-1326, 2014 WL 4258311, at *5 (D. Md. Aug. 26, 2014), *aff'd* 594 F. App'x 132 (4th Cir. 2015) (granting motion to dismiss defamation claim based on statements that took "place during the course of the [] arbitration and [the] judicial proceedings" because "Defendant enjoys an absolute privilege" over those statements).

The privilege "extends not only to statements made in [a proceeding], but also to statements contained in pleadings, affidavits and other documents filed in a judicial proceeding or directly related to the case." *Odyniec*, 322 Md. at 527 (citing *DiBlasio v. Kolodner,* 233 Md. 512, 520-23 (1963)). "What matters is that 'the letter, email, or conversation had some general

'relevance,' relationship, or connection to that proceeding.'" *Phreesia, Inc. v. Certify Glob., Inc.*, No. CV DLB-21-678, 2022 WL 17342067, at \*7 (D. Md. Nov. 29, 2022).  Further, "[t]he privilege applies regardless of evidence of malicious intent or whether the statements at issue are relevant to the proceedings." *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 401 (D. Md. 2016), *aff'd,* 730 F. App'x 174 (4th Cir. 2018).

Although "[t]he privilege most commonly protects against defamation actions . . . it 'is not confined in the law of torts to matters of defamation.'" *Id.*  Instead, the "[a]bsolute privilege is a broad defense to tort claims[.]" *Att'y Grievance Comm'n of Maryland v. Frost*, 437 Md. 245, 268 (2014); *O'Brien & Gere Eng'rs, Inc.*, 222 Md. App. at 523 ("It is the context in which the breaching words are communicated—in the course of a judicial proceeding—that involves the absolute litigation privilege, whether the breach is of a duty in tort or a right afforded by contract."); *see, e.g.*, *Carr v. Watkins,* 227 Md. 578, 583 (1962) ("We find it clear that if there was immunity from liability for defamation, there was immunity from liability for the other alleged torts claimed by the declaration to have been committed"); *Letren v. Cohn, Goldberg & Deutsch*, No. CIV. JFM-12-1982, 2012 WL 3610535, at \*1 (D. Md. Aug. 20, 2012) (dismissing Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act based on absolute privilege).

In this case, the Complaint is squarely premised on filings, communications, and conduct by Defendants in connection with their representation of Verizon Wireless in the Arbitration.  In no uncertain terms, Plaintiff has baselessly sued Defendants for purportedly "reopen[ing] and relaunch[ing] arbitration proceedings which had been lawfully closed."   Dkt. 1 [Compl. ¶ 2]. Indeed, all of Plaintiff's purported claims in this lawsuit arise directly from these allegations and are premised squarely on Defendants' participation as counsel in the Arbitration:

- **Count I – Abuse of Process:** "Defendants used the arbitration system for a purpose not legally justified[.]"  *Id.* [Compl. ¶ 21].

- **Count II – Tortious Interference with Judicial Proceedings:** "Their interference [through the pending arbitration] caused harm to Plaintiff and disrupted a scheduled trial".  *Id.* [Compl. ¶ 24].

- **Count III – Civil Conspiracy:** "Defendants acted in concert to achieve an unlawful goal: resuming arbitration despite a court order ending it".  *Id.* [Compl. ¶ 25].

- **Count IV – Violation of Due Process:** "Defendants deprived Plaintiff of liberty and property interests by continuing legal proceedings [i.e., the arbitration] without legal authority or court oversight".  *Id.* [Compl. ¶ 27].

- **Count V – Declaratory and Injunctive Relief:**  "Plaintiff seeks a declaration that the AAA lacks jurisdiction to proceed with arbitration in this matter".  *Id.* [Compl. ¶ 29].

Stated differently, the Complaint makes clear that Plaintiff is seeking to impose liability on Defendants for doing nothing more than representing Verizon Wireless.  As a matter of law, however, Defendants' representation of Verizon Wireless in the Arbitration is absolutely privileged.  Indeed, as demonstrated, all of the causes of action merely recast Defendants' privileged conduct under different labels.  Because the litigation privilege forecloses all liability for such conduct—regardless of how the claims are styled—the Complaint must be dismissed against Defendants with prejudice.

B.      **Plaintiff's Theory Underlying The Complaint Is Legally And Factually Frivolous**

As a threshold matter, the Complaint's factual allegations feigning purported misconduct by Defendants (and their client, Verizon Wireless, in the State Court Action, Arbitration, and Federal Action) are wrong and premised on a legal and factual farce.

Indeed, Plaintiff repeatedly contends—in this case and his other lawsuits—that the Circuit Court's remand order in the State Court Action somehow invalidated the arbitration agreement, thereby rendering any future arbitration proceedings improper.  *See, e.g.*, Dkt. 1 [Compl. ¶  23] ("Defendants knew that the matter had been remanded to District Court and still

11

took actions to undermine those proceedings").  However, these hollow allegations overlook the Circuit Court's central holding in the State Court Action.  The Circuit Court's reversal did not render the arbitration agreement unenforceable, but rather was squarely based on Plaintiff's representation that his damages were limited to a maximum of $5,000.  *See* RJN, Ex. E ("this case shall proceed before the District Court pursuant to Md. Code Ann., Cts. & Jud. Proc.§ 4-405); *see also* Md. Code Ann., Cts. & Jud. Proc.§ 4-405 (defining small claims actions as "a civil action for money in which the amount claimed does not exceed $5,000").

In turn, the Circuit Court's remand order triggered a small claims caveat within the arbitration agreement that permitted the case to proceed in small claims court.  *Id.*, Ex. C [Verizon Decl., Ex. D] [Arbitration Agreement, p. 6] (stating that any claims within the jurisdictional limit of the small claims court can be submitted to small claims court).  Stated differently, the Circuit Court's order **reinforced** and **affirmed** the enforceability of the arbitration agreement, including its provisions governing small claims disputes.

Likewise, Plaintiff's allegations ignore that he continued subjecting himself to the jurisdiction of the AAA even *after* he appealed the Arbitration Order and after the Circuit Court remanded the action back to the District Court.  *See, e.g.*, RJN, Ex. I [AAA Docket, p. 2] (showing Plaintiff filed an Amended Claim on 2/22/25).  In fact, Plaintiff voluntarily dismissed the State Court Action when he apparently decided he did not want to prosecute the State Court Action as a small claims matter, as evidenced by the fact that he has sued Verizon Wireless for more than $175,000 in the Federal Action.  *See* RJN, Ex. J [Federal Action Complaint, p. 4].  Thus, there is nothing improper about Defendants' representation of Verizon Wireless in the Arbitration or Verizon Wireless's efforts to compel arbitration of Plaintiff's claims under the

arbitration agreement.  Nor does Plaintiff's dissatisfaction with the Arbitration somehow render it wrongful.

Accordingly, the very premise of the Complaint is wrong and Plaintiff cannot pursue any claims based on this erroneous theory as a matter of law.

**C.      The Individual Claims Fail On Additional Independent Grounds**

**1.  The Complaint Fails To State A Claim For Abuse Of Process**

"The elements of an abuse of process claim are (1) the willful and wrongful use of process after it issues in a manner not contemplated by law (2) in order to satisfy an ulterior motive (3) that results in damages." *Lee v. Queen Anne's Cnty. Off. of Sheriff*, No. CIV.A. RDB-13-672, 2014 WL 476233, at *15 (D. Md. Feb. 5, 2014) (citing *Campbell v. Lake Hallowell Homeowners Ass'n,* 157 Md. App. 504, 530 (2004)).  The "'gist' of an abuse of process claim is not in the initiation or even the finalization of the underlying legal action, but rather in 'misusing[ ] or misapplying process justified in itself for an end other than that which it was designed to accomplish.'" *Charles v. Charles*, 265 Md. App. 631, 649 (2025).  The ulterior motive element "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club." *Id.*

Here, the Complaint fails to allege the elements of an abuse of process claim.  First, it identifies no wrongful use of process.  Plaintiff acknowledges that Defendants are acting solely in their capacity as counsel in the Arbitration proceedings.  Further, judicially noticeable documents make clear that the Circuit Court remanded *solely* based on a small claims carveout in the arbitration agreement at issue.  *See*, e.g., RJN, Ex. C [Arbitration Agreement, p. 6]; Exs. E [Remand Order].  In other words, contrary to the Complaint, the Circuit Court did not make any

13

determination that the arbitration agreement was unenforceable, but rather affirmed the agreement

through its Remand Order.

Second, the Complaint fails to allege any ulterior motive.  At most, Plaintiff alleges his

dissatisfaction with the pending Arbitration proceedings.  His disagreement, however, does not

demonstrate any an ulterior motive by Defendants who are merely representing Verizon Wireless

as counsel in the Arbitration.  Accordingly, Plaintiff's abuse of process claim fails for this reason

as well.  *See, e.g., Lee*, 2014 WL 476233, at \*15 (dismissing abuse of process claim where

complaint failed to "identify any specific, legally cognizable collateral objective"); *Berman v.*

*Karvounis,* 308 Md. 259, 265–66 (1987) (rejecting abuse of process claim based on an alleged

motive of harassment where lawsuit proceeded normally and no evidence of coercion or extortion).

## 2.  Tortious Interference With Judicial Process And Violation Of Due Process Are Not Cognizable Causes of Action Against Defendants

Further, the Complaint purports to assert a "tortious interference with judicial

proceedings" claim against Defendants and a constitutional claim against Mr. Ekmekchyan under

the Fourteenth Amendment for purportedly "continuing legal proceedings [in the Arbitration]

without legal authority or court oversight".  Dkt. 1 [Compl. ¶¶ 23-24, 27-28].  These baseless

claims have no legal merit.

Indeed, Maryland does not recognize any claim for "tortious interference with judicial

proceedings", as Plaintiff alleges.  In addition, as a matter of law, Plaintiff cannot assert a

violation of due process claim under the Fourteenth Amendment against Defendants because

they are private parties, not state actors.  It is well-established that the "Fourteenth Amendment's

Due Process Clause . . . 'prohibits the states from denying federal constitutional rights and which

guarantees due process, **applies to acts of the states, not to acts of private persons or**

14

**entities**.'" *Davis v. Westside Men's Shelter*, No. 1:23-CV-01061-MJM, 2023 WL 8452444, at

*3 (D. Md. Dec. 6, 2023) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)) (dismissing

constitutional claims where plaintiff could not allege "Defendant to be a state actor" or otherwise

show "a sufficiently close nexus between the State and Defendant such that the State can be held

responsible for Defendant's actions") (emphasis added).  Accordingly, these "claims" fail.

3.  **The Complaint's Piggyback Claims For Civil Conspiracy and**
    **Declaratory/Injunctive Relief Fail Because Plaintiff Cannot Establish**
    **Entitlement To Any Substantive Claim For Relief**

Finally, the Complaint asserts claims for civil conspiracy and declaratory/injunctive relief

premised on the Complaint's same baseless theory that any arbitration proceeding is improper

based on the Circuit Court's Remand Order.  *See* Dkt. 1 [Compl. ¶¶ 25-26] (civil conspiracy

claim, alleging "Defendants acted in concert to achieve an unlawful goal: resuming arbitration

despite a court order ending it"); *id.* [Compl. ¶¶ 29-30] ("Plaintiff seeks a declaration that the

AAA lacks jurisdiction to proceed with arbitration . . . Plaintiff further seeks a permanent

injunction prohibiting [Defendants] from pursuing, administering, or enforcing arbitration").

In this case, because the Complaint's underlying theory and sole substantive "abuse of

process" claim cannot survive as a matter of law, Plaintiff's derivative claims for civil

conspiracy and declaratory/injunctive relief necessarily fail as well.  *See, e.g.*, *Bellezza v.*

*Greater Havre De Grace Yacht Club, Inc.*, No. 0367, 2015 WL 6394418, at *9 (Md. Ct. Spec.

App. Oct. 22, 2015) ("civil conspiracy is not a 'separate tort capable of independently sustaining

an award of damages'. . . civil conspiracy has been described as a 'parasite tort' that 'cannot

stand alone.'") (citing *Kramer v. Mayor of Balt.,* 124 Md. App. 616, 642 (1999)); *Doe v.*

*Maryland*, No. CV ELH-20-1227, 2021 WL 1174707, at *38 (D. Md. Mar. 29, 2021) (because

"the request for declaratory relief rests on this claim, the claim for declaratory judgment also fails"); *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (injunctive relief only proper if plaintiff can demonstrate he is "likely to succeed on the merits", among other factors).

## V.    CONCLUSION

For the foregoing reasons, Verizon Wireless respectfully requests that the Court grant this motion and dismiss this case with prejudice.

DATED: September 2, 2025

Respectfully submitted,

*/s/ Thomas V. McCarron*
Thomas V. McCarron (Federal Bar No. 08145)
Semmes, Bowen & Semmes
250 W. Pratt Street, 19th Floor
Baltimore, MD 21201
Tel.:(410) 576-4854
Fax: (410) 539-5223
tmccarron@semmes.com

*Attorneys for Defendants*
*Yu Mohandesi LLP and Pavel Ekmekchyan*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of September, 2025, I caused to be served the foregoing via the Court's electronic filing system, and by first class mail, postage prepaid, upon Plaintiff Terrence Williams, 1008 Beards Hill Rd., Aberdeen, Maryland 21001.

/s/ Thomas V. McCarron
Thomas V. McCarron (Federal Bar No. 08145)
Semmes, Bowen & Semmes
250 W. Pratt Street, 19th Floor
Baltimore, MD 21201
Tel.:(410) 576-4854
Fax: (410) 539-5223
tmccarron@semmes.com

*Attorneys for Defendants*
*Yu Mohandesi LLP and Pavel Ekmekchyan*