IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRENCE WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION, INC., *et al.*,<br><br>*Defendants* | No. 25-cv-2505-ABA |

**MEMORANDUM OPINION**

Plaintiff Terrence Williams sued Verizon Wireless in 2024 after it allegedly refused to replace a cell phone that Mr. Williams contended was "not working." ECF No. 18-1 at 3. He litigated that dispute in the Harford County Circuit Court and the Harford County District Court, and arbitrated it before the American Arbitration Association, Inc. (the "AAA"). He then sued the AAA and Marina Cortez, manager of ADR services at the AAA (together the "AAA Defendants"), for abuse of process, tortious interference with judicial proceedings, conspiracy, and violation of due process. He also sued Pavel Ekmekchyan, Esq. and Yu Mohandesi, LLP (together the "Counsel Defendants") for abuse of process, tortious interference with judicial proceedings, and conspiracy. The AAA Defendants and the Counsel Defendants have moved to dismiss based on, among other things, arbitral immunity and litigation privilege. For the reasons provided below, the Court will grant the motions and dismiss the complaint with prejudice.

## ALLEGATIONS AND PROCEDURAL HISTORY[1]

In May 2024, Plaintiff filed a lawsuit against the Counsel Defendants' client, Verizon Wireless, in Harford County District Court in connection with his dispute over replacement cellular devices. ECF No. 18-1. The Verizon service agreement between Plaintiff and Verizon limited Plaintiff's remedies to arbitration or small claims court. ECF No. 18-3 at 12.[2] Therefore, Verizon moved to compel arbitration and, on August 27, 2024, the Harford County District Court granted the motion. ECF No. 1-1.

On August 30, 2024, Plaintiff filed an arbitration demand with the AAA, seeking damages of $5,000. ECF No. 1-4 at 3; ECF No. 18-9. On September 24, 2024, Plaintiff also appealed the order compelling arbitration. ECF No. 18-4.

On December 19, 2024, the Harford County Circuit Court held a hearing on Plaintiff's appeal and remanded the case to the Harford County District Court. ECF No. 1-2. The parties have not provided the transcript of the remand hearing, but it appears that because Plaintiff's damage claim met the requirements for small claims court (under which the maximum for recoverable damages is $5,000, Md. Code, Cts. & Jud.

---

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). Additionally, the Counsel Defendants have moved for judicial notice of various documents filed in the underlying state cases. ECF No. 18. The Court will grant the motion and consider these exhibits without converting the motions to dismiss into motions for summary judgment. The court filings are matters of public record and Plaintiff has not challenged their authenticity. *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023). The documents are also integral to Plaintiff's complaint and incorporated therein, and he attaches several of them to his complaint. *Id.*

[2] Citations to the record refer to the ECF page numbers, which may differ from the pagination used by the parties.

Proc. § 4-405) and the arbitration provision of the service agreement allowed for the case to proceed in small claims court, *see* ECF No. 18-3 at 12 ("EITHER YOU OR VERIZON CAN CHOOSE TO BRING AN INDIVIDUAL ACTION IN SMALL CLAIMS COURT INSTEAD OF PROCEEDING IN ARBITRATION"), the Circuit Court ordered that the case "shall proceed before the District Court as a small claims action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 4-405 and that the Plaintiff/Appellant's claim shall not exceed the jurisdictional limits of a small claims action." ECF No. 1-2.[3]

On January 10, 2025, the Harford County District Court lifted the stay pending arbitration and ordered that the matter proceed to trial as a small claims case. ECF No. 1-3. But, on January 23, 2025, and despite the appellate court's order cabining Plaintiff's damage claim, Plaintiff filed an amended complaint in the Harford County District Court seeking compensatory damages of $8,540.00 as well as "consequential and punitive damages," which exceeded the small claims limit. ECF No. 18-7. Then, Plaintiff voluntarily dismissed that case without prejudice on January 27, 2025. ECF No. 18-8. On February 22, 2025, Plaintiff filed an amended arbitration claim with the AAA. ECF No. 18-9. The AAA arbitration proceeding then continued into the summer of 2025. *See, e.g.*, ECF Nos. 1-4–1-5; ECF No. 18-9. Plaintiff alleges that during the renewed arbitration process, he "objected in writing, but Defendants continued to press forward, forcing Plaintiff to expend additional time and resources to defend against improper arbitration." ECF No. 1 ¶ 20.

---

[3] The Circuit Court's order does not specifically reverse the District Court's order compelling arbitration. Instead, the court merely ordered the case to proceed as a small claims action. ECF No. 1-2. But given this Court's holding below that the Defendants are immune from Plaintiff's claims, the exact posture on remand is not material.

On July 31, 2025, Plaintiff filed this suit against Defendants, *pro se*. All of the counts are directly related to conduct associated with the arbitration: In Count I, for "Abuse of Process" against all Defendants, Plaintiff alleges that "Defendants used the arbitration system for a purpose *not legally justified*, namely to override a valid court ruling" remanding the case to proceed as a small claims action. ECF No. 1 ¶ 21. In Count II, for "Tortious Interference with Judicial Proceedings" against all Defendants, Plaintiff alleges that "Defendants knew that the matter had been remanded to District Court and still took actions to undermine those proceedings." *Id.* ¶ 23. In Count III, for "Civil Conspiracy" against all Defendants, Plaintiff alleges that "Defendants acted in concert to achieve an unlawful goal: resuming arbitration despite a court order ending it." *Id.* ¶ 25. In Count IV, for "Violation of Due Process" against Ms. Cortes, the AAA, and Mr. Ekmekchyan, Plaintiff alleges that "Defendants deprived Plaintiff of liberty and property interests by continuing legal proceedings without legal authority or court oversight." *Id.* ¶ 27. In Count V, for "Declaratory and Injunctive Relief, "Plaintiff seeks a declaration that AAA lacks jurisdiction to proceed with arbitration in this matter" and "a permanent injunction prohibiting AAA, Cortes, Ekmekchyan, or Yu Mohandesi from pursuing, administering, or enforcing arbitration in this case." *Id.* ¶¶ 29–30.

The AAA Defendants filed a motion to dismiss on August 29, 2025, to which Plaintiff filed a response. ECF Nos. 11 & 16. The Counsel Defendants filed motions to dismiss and for judicial notice on September 2, 2025. ECF Nos. 17 & 18. Plaintiff did not

4

file a response to either motion but did file a "Notice of Procedural Irregularity and Request for Entry of Default" in connection with the Counsel Defendants. ECF No. 21.[4]

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in

---

[4] In that filing, Plaintiff argues that the Counsel Defendants did not file a valid motion and, thus, have not timely responded to the complaint. ECF No. 21. He argues that Zachary Schlein, Esq. is listed as counsel on the docket for Mr. Ekmekchyan but there is no counsel listed for Mr. Ekmekchyan's law firm, Defendant Yu Mohandesi. Plaintiff further argues that the motion to dismiss is not signed by Mr. Schlein, but by another member of his firm. Although the motion is signed by another member of counsel's firm, the docket entry (ECF No. 17) establishes that Mr. Schlein filed the motion. The motion also clearly pertains to both Counsel Defendants. ECF No. 17 at 1. It is clear to the Court that the law firm engaged to defend the Counsel Defendants filed the brief on behalf of both Defendants. Thus, the Court will deny Plaintiff's request for an entry of default. ECF No. 21.

the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

Plaintiff is self-represented, so the Court construes his complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

## DISCUSSION

Defendants raise several arguments in their motions, but all contend they are immune to Plaintiff's claims. The Court agrees with that assessment, which requires the dismissal of the complaint with prejudice.

The AAA Defendants argue that arbitral immunity bars Plaintiff's claims against them. When "participating in the judicial process," "judges, grand jurors, petit jurors, advocates, and witnesses" have "absolute immunity . . . because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 509–11 (1978). Given the similarity between judicial and arbitral processes, courts have held that the immunity extends to arbitrators such as Ms. Cortez as well as arbitration forums such as the AAA. *See Pfannenstiel v. Merrill Lynch*, 477 F.3d 1155, 1159 (10th Cir. 2007) ("[C]ourts uniformly hold that arbitration forums and sponsors, like courts of law, are immune from liability for actions taken in connection with administering arbitration."); *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n., Inc.*, 312 F.3d 833, 844 (7th Cir. 2002) (finding the AAA immune from suit); *New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999) ("In proper circumstances,

6

organizations that sponsor arbitrations, as well as arbitrators themselves, enjoy this immunity from civil liability."); *Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (finding that the arbitration forum "enjoy[ed] arbitral immunity from civil liability for the acts of its arbitrators in the course of conducting contractually agreed-upon arbitration proceedings."), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith v. Manning*, ___ U.S. ___, 136 S. Ct. 1562 (2016); *Olson v. Nat'l Ass'n of Sec. Dealers*, 85 F.3d 381, 382 (8th Cir. 1996) ("[A]rbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations."). Although the Fourth Circuit appears not to have addressed the issue, the Court sees no reason the Fourth Circuit would depart from the conclusions of these other circuits.

"Arbitral immunity protects all acts within the scope of the arbitral process." *Olson*, 85 F.3d at 383; *New England Cleaning Servs.*, 199 F.3d at 545 ("A sponsoring organization's immunity extends to the administrative tasks it performs, insofar as these are integrally related to the arbitration."). Here, the acts that form the basis of Plaintiff's complaint are all clearly within the scope of the arbitral process, including that the AAA allegedly "reopened the case, appointed an arbitrator," and "began scheduling proceedings" and that Ms. Cortes "issued formal notices, including arbitrator appointment letters and compensation arrangements." ECF No. 1 ¶¶ 17–18.

Plaintiff argues that the AAA Defendants' acts were outside of the scope of the arbitral process and therefore are not subject to immunity. He argues that the AAA Defendants improperly restarted the arbitration process after the appellate court remanded it to proceed as a small claims case, ignored that the arbitration was previously closed, and acted contrary to the remand order. But it was Plaintiff who

7

increased his demand so that his Harford County case could no longer be heard in small claims court, then voluntarily dismissed that case days later, and then filed an amended arbitration claim with the AAA. The Court concludes that the AAA Defendants' actions were within the scope of the arbitral process and they are therefore immune from Plaintiff's claims.

      For the same reasons, the Counsel Defendants also have arbitral immunity as Plaintiff essentially alleges that they wronged him by participating in the arbitration. *See Butz*, 438 U.S. at 509–12 (discussing immunity for counsel). In addition, particularly given the connection between the arbitration proceedings and the litigation in the Harford County courts, the Counsel Defendants also argue that the litigation privilege bars Plaintiff's claims against them. As long as counsel's allegedly tortious statements in a case "have some rational relation to the matter at bar," then they are subject to "absolute privilege." *O'Brien & Gere Eng'rs, Inc. v. City of Salisbury*, 447 Md. 394, 410 (2016) (quoting *Norman v. Borison*, 418 Md. 630, 650 (2011)). As with judicial immunity, this privilege extends to quasi-judicial proceedings such as arbitration. *Norman v. Borison*, 418 Md. 630, 652 (2011).

      Here, Plaintiff alleges that the Counsel Defendants injured him based on their filings, communications, and conduct during the arbitration proceedings, including that Mr. "Ekmekchyan actively participated in" the reopened arbitration case, "pressed forward" with the arbitration, and that the "Defendants acted in concert to achieve an unlawful goal: resuming arbitration despite a court order ending it." ECF No. 1 ¶¶ 19–20, 25. Plaintiff seeks to hold the Counsel Defendants liable for participating in the arbitration, but their actions during the arbitration are privileged. Therefore, the claims against the Counsel Defendants must also be dismissed with prejudice.

8

**CONCLUSION**

The Defendants are immune from Plaintiffs claims because Plaintiff merely alleges that the Defendants participated in the arbitration and injured him through actions that were within the scope of the arbitral process.

A separate order follows.


Date:  January 12, 2026                    _____/s/_____
                                            Adam B. Abelson
                                            United States District Judge