IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRENCE WILLIAMS,<br><br>    *Plaintiff*,<br><br>v.<br><br>AMERICAN ARBITRATION<br>ASSOCIATION, INC.,<br>*et al.*,<br><br>    *Defendants* | No. 25-cv-2505-ABA |

**MEMORANDUM AND ORDER**

Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to reconsider this Court's January 12, 2026 memorandum opinion and order in which the Court concluded that arbitral immunity and the litigation privilege barred his claims. ECF No. 25. Defendants responded and Plaintiff replied to the responses. ECF Nos. 26–29. The underlying allegations in the case are provided in the January 12, 2026 opinion and will not be repeated here. ECF No. 23.

Rule 59(e) allows for a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A "Rule 59(e) motion 'need not be granted unless the district court finds [1] that there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice.'" *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)).

Plaintiff argues that the Court's ruling is based on three incorrect factual assertions that, when corrected, show that Defendants were not entitled to arbitral immunity because Defendants' actions fell outside of the scope of the arbitration. The Court construes this as an allegation of manifest injustice. The three assertions at issue, however, do not appear to be inaccurate, and even accepting the additional information provided by Plaintiff, the Court finds no manifest injustice or reason to amend its ruling.

The first quotation in the January 12, 2026 opinion that Plaintiff takes issue with is "it was Plaintiff who increased his demand so that his Harford County case could no longer be heard in small claims court, then voluntarily dismissed that case days later, and then filed an amended arbitration claim with" Defendant American Arbitration Association (the "AAA"). ECF No. 23 at 7-8. But that Plaintiff increased his demand, voluntarily dismissed his case, and filed an amended arbitration claim are all accurate statements according to the parties' submissions. Plaintiff alleges that he did not dismiss his court case in order to restart arbitration. Even if true, the Court does not find this fact material because Plaintiff did file an amended arbitration claim. Regardless, the Court's holding was not premised on Plaintiff having filed an amended arbitration claim.

Similarly, the second quotation from the opinion that Plaintiff disputes is that "Plaintiff voluntarily dismissed [the Harford County District Court] case without prejudice on January 27, 2025. On February 22, 2025, Plaintiff filed an amended arbitration claim with the AAA." ECF No. 23 at 3. Again, both of these statements appear accurate. Plaintiff alleges that he did not voluntarily file *the amended arbitration claim* and instead he filed it because the AAA told him he was required to. He contends that in a July 8, 2025 email he told Defendants, "I had no idea my

2

amended demand could be construed as reviving arbitration." ECF No. 25-1 at 2. Whether Plaintiff voluntarily filed the amended arbitration claim or was confused about its import were also immaterial to the Court's analysis.

Finally, the third quotation that Plaintiff believes is in error is the Court's assertion that "[t]he AAA arbitration proceeding then continued into the summer of 2025." ECF No. 23 at 3. This too appears accurate according to the parties' submissions. Plaintiff allege that the AAA never closed the arbitration proceeding after the December 19, 2024 order from the Harford County Circuit Court remanding the case to proceed as a small claims case. Whether the AAA ever officially closed the arbitration was not material to the Court's analysis.

Having found no factual errors or manifest injustice, it is ORDERED that Plaintiff's motion for reconsideration (ECF No. 25) is DENIED.


Date:  January 29, 2026                     _____/s/_____
                                            Adam B. Abelson
                                            United States District Judge